O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL SCHWARZ, | ) | Case No. CV 14-2756-RGK (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| KEVIN CHAPPELL, WARDEN, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison in San Quentin, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 herein on April 10, 2014.

It appears from the face of the Petition that it is directed to the same 2007 Los Angeles County Superior Court judgment of conviction as petitioner's prior habeas petition filed in this Court on November 12, 2010, in Case No. CV 10-8626-RGK (DTB) [hereinafter the "Prior Action"]. On May 21, 2012, Judgment was entered in the Prior Action denying the petition and dismissing the action with prejudice. On May 23, 2012, petitioner filed a Notice of Appeal from that Judgment. However, his request for a certificate of appealability was denied by the Ninth Circuit on July 24, 2013.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the

Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

>  (1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>  (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>   (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>  (3)   (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, petitioner has not alleged, much less shown, that the instant Petition falls within any of the exceptions enumerated at 28 U.S.C. § 2244(b). Thus, the Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. §

2244(b), as the Prior Action was denied on the merits. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Therefore, to the extent that petitioner is now purporting to raise new claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider those claims, prior to his filing of the instant Petition in the District Court. Petitioner's failure to secure such leave prior to his filing of the Petition herein deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 23, 2014

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge